UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AYFER KAYA et. al., | : | |
|    Plaintiffs | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1436 (JCH) |
|    v. | : | |
| | : | |
| | : | |
| THE CITY OF NEW LONDON et. al., | : | |
|    Defendants. | : | |
| | : | JANUARY 23, 2006 |

**RULING ON PLAINTIFFS' MOTION TO REMAND [Dkt. No. 11]**

This plaintiffs brought this action, alleging various violations of state law along with violations of 42 U.S.C. §1983, in Connecticut state court. The defendants removed the action to this court. The plaintiffs now seek to remand this case to the state court.

Having reviewed the memoranda submitted in support of and in opposition to the motion to remand, [Dkt. Nos. 12 & 13], the court finds that the defendants properly removed this matter to federal court. Claims 18 through 20 allege violations of 42 U.S.C. § 1983, and all of the claims of the complaint arise out of a "common nucleus of operative facts," such that the court therefore has original jurisdiction over the entire action. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); see 28 U.S.C. § 1441 (removable actions); § 1331 (federal question jurisdiction); § 1367 (supplemental jurisdiction). The court lacks discretion under section 1441(c) to remand solely the state law claims, because they are not "separate and independent" claims from the federal law claims as these terms are used in the removal statute. Moreover, the plaintiffs' argument that the court should abstain from deciding the federal law claims under the doctrine announced in Railroad Comm'n of Texas v. Pullman Co., 312

U.S. 496 (1941)[1] is misplaced, as this doctrine does not apply to the allegations in the Complaint.  The court finds that the plaintiffs' state law claims do not "substantially predominate[]" over the federal claims, see § 1367(c)(2); Gibbs, 383 U.S. at 726-27, nor do they fall into any of the other three categories of claims over which the court could decline to exercise supplemental jurisdiction under § 1367(c).

For the foregoing reasons, the plaintiffs' Motion to Remand [Dkt. No. 11] is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of January, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The court notes that the motion for remand did not clearly request abstention, but it addresses this argument because it was raised in the plaintiffs' supporting memorandum [Dkt. No. 12].