UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AYFER KAYA, ET AL, | : | |
|     Plaintiffs | : | CIVIL ACTION NO. |
| v. | : | 3:05-CV-1436 (JCH) |
| | : | |
| CITY OF NEW LONDON, ET AL | : | FEBRUARY 12, 2008 |
|     Defendants | : | |

**RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION [Doc. No. 130]**

On January 25, 2008, this court issued a Ruling granting summary judgment to the defendants on all of plaintiffs' federal claims, and declining to exercise supplemental jurisdiction on the remaining state law claims. See Doc. No. 128. Plaintiffs have filed a Motion for Reconsideration [Doc. No. 130] in which they 1) ask this court to remand their state law claims, rather than dismiss them, and 2) ask this court to reconsider its ruling on their substantive due process claim.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d

1

Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

The plaintiffs do not come close to meeting this standard with regard to their second point. The court will not reconsider its analysis of the substantive due process issue.

However, the plaintiffs are correct that the remaining state law claims must be remanded, rather than dismissed. Generally, when a court declines to exercise supplemental jurisdiction, the state law claims are simply dismissed without prejudice.[1] See 28 U.S.C. § 1367(d); E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 33 (2d Cir. 2006). However, this case was initially filed in state court, and then removed to federal court, implicating the removal statute. See 28 U.S.C. § 1441. Accordingly, when this court declines to exercise supplemental jurisdiction, it is appropriate to remand the remaining state law claims, rather than to dismiss the action. See Valencia v. Lee, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.")

The Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. The

---

[1] In their Motion, plaintiffs were apparently worried that, because of statute of limitations issues, a dismissal under section 1367 would prohibit them from refiling their claims in state court. See Doc. No. 130 at 2-3. This concern was without basis. See 28 U.S.C. § 1367(d) (providing that when state law causes of action are brought in federal court under section 1367, the statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

remaining state law claims are remanded to the Superior Court of Connecticut, Judicial District of New London at New London.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 12th day of February, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge